[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} On February 2, 2001, Todd Kidwell filed a lawsuit against Buckeye Terminix Co., Inc. ("Buckeye Terminix"). Mr. Kidwell alleged that Buckeye Terminix had agreed to warrant against termite damage to his house, but had refused to pay for damage done by termites. The complaint asserted four theories of recovery, including breach of a written contract, a copy of which was attached to the complaint.
 {¶ 2} Buckeye Terminix filed a motion asking that the lawsuit be stayed and the case handled by arbitration. Buckeye Terminix directed the trial court's attention to paragraph 9 of the copy of the contract attached to the complaint. The paragraph reads:
 {¶ 3} "ARBITRATION. The Purchaser and Terminix agree that any controversy or claim between them arising out of or relating to this agreement shall be settled exclusively by arbitration. Such arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association. The decision of the arbitrator shall be a final and binding resolution of the disagreement which may be entered as a judgment by any court of competent jurisdiction. Neither party shall sue the other where the basis of the suit is this agreement other than for enforcement of the arbitrator's decision. In no event shall either party be liable to the other for indirect, special or consequential damages or loss of anticipated profits."
 {¶ 4} Counsel for Mr. Kidwell responded with a memorandum, along with supporting affidavits, challenging the validity of the mandatory arbitration clause and requesting the matter be set for trial. The affidavits from Mr. Kidwell and his wife, Heidi Kidwell, asserted that the parties reached an agreement regarding the terms of service to be provided by Buckeye Terminix and the Kidwell's required payment in September 1997, or one month before Buckeye Terminix provided the actual written contract/Termite Protection Plan. They further alleged that, prior to receiving the written contract in the mail, the arbitration provision was never mentioned, discussed or agreed upon.
 {¶ 5} The trial court overruled the motion to compel arbitration filed on behalf of Buckeye Terminix. Buckeye Terminix has now appealed that ruling, raising a single assignment of error for our consideration:
 {¶ 6} "The lower court erred as a matter of law to the prejudice of appellant by overruling appellant's motion to stay proceedings pending arbitration, and thereby improperly failed to enforce the terms of a valid written contract containing a valid arbitration clause."
 {¶ 7} There is no doubt that Ohio courts favor and encourage the use of arbitration to settle disputes. ABM Farms, Inc. v. Woods (1998),81 Ohio St.3d 498, 499; Schaefer v. Allstate Ins. Co. (1992),63 Ohio St.3d 708, 711-712. This strong public policy position is further encouraged by the Ohio legislature, as reflected by R.C. 2711.02. R.C.2711.02 provides that a court shall stay trial proceedings to allow for arbitration when "an action is brought upon any issue referable to arbitration under an agreement in writing for arbitration * * * upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration * * *." R.C.2711.02(B).
 {¶ 8} Counsel for Mr. Kidwell states that appellee understands and acknowledges Ohio's preference for arbitration when applicable. Yet, he remains in the rather awkward position of having filed pleadings that designate the Termite Protection Plan as the basis of recovery for his client, while simultaneously alleging that his client is not bound by the terms of the same contract with respect to arbitration. Though such an argument may be feasible given circumstances in which the arbitration provision of the contract, as separate from the contract itself, is fraudulently induced, such circumstances do not exist in the instant case. ABM Farms, at 502, construing R.C. 2711.01(A). Rather, appellee asserts that, because the arbitration provision was not specifically discussed, he is not subject to its terms.
 {¶ 9} However, "[t]he law does not require that each aspect of a contract be explained orally to a party prior to signing" or otherwise accepting the terms contained therein. ABM Farms, at 503. Upon receipt of the contract, Mr. Kidwell had the opportunity to object to the arbitration requirement, but failed to raise any such objection to the contract as a whole or to any of its individual provisions. Instead, appellee tendered annual renewal payments to Buckeye Terminix, as provided on the front page of the contract, in order to ensure its continued existence and protective warranties. Moreover, he accepted the written contract to the point of founding his lawsuit upon it.
 {¶ 10} Appellee cannot, under these facts, rely on the front page of the written contract and then claim ignorance of, or exemption from, the terms-more specifically, the mandatory arbitration clause-found on the opposite side of the same paper. Under the circumstances, he is bound by the entirety of its terms, including the arbitration provision. Therefore, to the extent that the lawsuit depends on the breach of a written contract, or otherwise contemplates claims "arising out of or relating to" that contract, i.e., the Termite Protection Plan, this case must be addressed through binding arbitration.
 {¶ 11} Four theories of recovery are set forth in the complaint. The first theory is breach of contract, which includes appellee's claim for breach of express warranties. As discussed above, such claims clearly fall within scope of the arbitration clause and should be resolved accordingly. The second theory, based upon duties of care founded in the written contract, is the purported negligence of Buckeye Terminix in performing its duties. Because this claim also arises from the contractual relationship between the parties, it is also subject to arbitration. The third theory asserted by the complaint is unjust enrichment, based upon the alleged failure of Buckeye Terminix to perform repairs, necessitated by termite damage, to the Kidwell home. This theory is closely tied to the first two theories of recovery and would normally be resolved in the same arbitration proceedings.
 {¶ 12} The final theory is a violation of the Ohio Consumer Sales Practice Act. However, the claimed transgression is not an unconscionable inducement to agree upon a contract containing an arbitration clause. Instead, the violation is the alleged failure of Buckeye Terminix to fulfill its duties under the Termite Protection Plan. Under the circumstances, this theory of recovery is also subject to that contract's arbitration clause.
 {¶ 13} Based on the foregoing, the sole assignment of error is sustained. The entry denying arbitration is vacated and the case is remanded with instructions to stay the proceedings and to compel arbitration as required.
Judgment reversed and cause remanded with instructions.
BRYANT, J., and PETREE, P.J., concur.